**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMOS N. JONES**, | |
| Plaintiff, | |
| v. | Case No. 18-cv-321 (CRC) |
| **CAMPBELL UNIVERSITY,** *et al.*, | Case No. 18-mc-100 (CRC) |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff Amos Jones is a former professor at Campbell University's Norman Adrian Wiggins School of Law in Raleigh, North Carolina. In December 2017, Jones (now a citizen of the District of Columbia) filed suit in the District of Columbia Superior Court against Campbell and five of its employees (all citizens of North Carolina) alleging violations of federal antidiscrimination statutes and raising tort claims under D.C. law. He also brought two common-law tort claims against the Catholic University of America, located in the District of Columbia.

After removing the case to federal court, the Campbell defendants in March 2018 moved to dismiss Jones's ten claims against them, contending that this Court lacked personal jurisdiction over them. They explained that none of the Campbell defendants had sufficient contacts with the District of Columbia (and thus the Court lacked general personal jurisdiction) and that all of the allegedly wrongful acts occurred in North Carolina (and thus the Court lacked specific personal jurisdiction). Defs.' Memo. Supp. Mot. Dismiss, ECF No. 11, at 7–13.

Rather than opposing the defendants' motion, Jones filed an amended complaint containing some new jurisdictional allegations. New in the sense that they were not in the original complaint, and new in the sense that they were novel to say the least. The complaint

stated that defendant J. Richard Leonard—Campbell Law School's dean—had been a federal magistrate and bankruptcy judge on the U.S. District Court for the Eastern District of North Carolina for 32 years. And, according to Jones, Leonard "regularly recruits and/or offers North Carolina's federal judges paid teaching jobs at the Law School, frequently fraternizes with these co-workers and colleagues, and is otherwise deeply and personally interested in and cooperative with the jurists serving in the federal courthouses throughout North Carolina." Am. Compl. ¶ 24. Thus, in Jones's view, all federal district judges in the Eastern District of North Carolina—where venue would otherwise be proper—are biased against or financially interested in his claims against the Campbell defendants, such that they cannot impartially adjudicate the case.

The Campbell defendants again moved to dismiss for lack of personal jurisdiction. The same day, their counsel sent Jones's counsel a so-called "safe-harbor letter" pursuant to Federal Rule of Civil Procedure 11(c)(2). Defs.' Mot. Sanctions Ex. A. The letter stated that the amended complaint's assertion of personal jurisdiction over the Campbell defendants was not supported by existing law, and that it contained no nonfrivolous argument for extending existing law or establishing new law so as to support jurisdiction. Id. at 2. As such, they declared their intention to seek sanctions for a violation of Rule 11(b) if Jones did not dismiss the claims against Campbell raised in his amended complaint within 21 days. Id. at 1. That deadline passed, Jones maintained his claims, and on May 31, 2018, the defendants filed a motion for Rule 11 sanctions.

The Court proceeded to grant the Campbell defendants' motion to dismiss Jones's ten claims against them. It explained that the amended complaint did not identify any meaningful connection between the Campbell defendants or their allegedly wrongful actions and the District of Columbia, as would be required to establish personal jurisdiction under the Due Process

Clause of the Fifth Amendment. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471–72 (1985); D.C. Code §§ 13-422, -423(a)(3)–(4) (long-arm jurisdictional statute). The Court found that Jones's alternative theory—"that bias in another federal district court supports jurisdiction in this one"—was "completely unfounded." Mem. Op., ECF No. 36, at 3. As the Court explained:

> Even if all judges in the Eastern District of North Carolina were subject to mandatory disqualification under 28 U.S.C. § 455 or the Due Process Clause (a dubious proposition), and even if it were proper for this Court to make that determination as to judges on another district court (let alone as to that judicial district as a whole), there is no authority whatsoever suggesting that their disqualification would somehow give this Court the power to hear claims against defendants over which it lacks personal jurisdiction.

Id. at 3–4.

While recognizing that it could transfer the case to a proper forum "in the interest of justice" pursuant to 28 U.S.C. § 1406(a), the Court declined to do so. Id. at 4. Jones had nominally suggested transfer to the *Western* District of North Carolina but had raised "no meaningful argument for why transfer" was appropriate, and the Court found transfer particularly unwarranted because Jones's claims against Campbell "so obviously did not belong here in the first place." Id. The Court therefore dismissed Jones's claims against the Campbell defendants and remanded his D.C.-law claim against Catholic to the District of Columbia Superior Court. The Court reserved on the question whether Jones's "asserted jurisdictional hook" with respect to Campbell "was so spurious that it warrants sanctions." Id. at 4 n.3.

Jones recently moved for reconsideration of the Court's dismissal pursuant to Federal Rule of Civil Procedure 59(e). He contends that the Court's finding that it lacked personal jurisdiction over the Campbell defendants was erroneous. In his view, the venue provisions of Title VII of the Civil Rights Act of 1964—under which he sued the Campbell defendants— supported personal jurisdiction over the Campbell defendants in the District of Columbia

because part of "the unlawful employment practice" was committed in the District and Jones "would have worked" in the District "but for the alleged unlawful employment practice." Pl.'s Mot. Reconsideration at 4–6 (quoting 42 U.S.C. § 2000e-5(f)). Second, Jones contends that even if the Court did lack jurisdiction, it should have transferred rather than dismissed his claims against the Campbell defendants to avoid "manifest injustice," Fed. R. Civ. P. 59(e)—namely, the expiration of the statute of limitations on his Title VII claims.

The Court held a hearing on Campbell's pending motion for sanctions and Jones's motion for reconsideration. It finds that sanctions are warranted, but will revise its previous order so as to transfer Jones's claims against the Campbell defendants to the U.S. District Court for the Eastern District of North Carolina.

*1. Sanctions.* Rule 11 "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).

As relevant here, the Rule's text provides that "[b]y presenting to the court a pleading, written motion, or other paper," an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Rule 11(c) permits a court to impose monetary sanctions on attorneys for their violations of Rule 11(b)(2). Fed. R. Civ. P. 11(c)(1), (5)(A). "A sanction . . . must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Parties may move for sanctions but must first give

4

the opposing party 21 days to withdraw the relevant filing, Fed. R. Civ. P. 11(c)(2), as the Campbell defendants did here.

This Court is loath to impose sanctions under Rule 11 and does not take requests to do so lightly. But it finds that some monetary sanction here is warranted. As this Court's memorandum opinion made clear, no attorney who engaged in a reasonable inquiry into current law could argue, in good faith, that a district judge sitting in the District of Columbia may declare that an entire bench of judges on another district court are subject to mandatory recusal. Nor is there any reasonable way to construe existing law to allow an exercise of personal jurisdiction over defendants based only on an assertion of bias among judges in another forum. Jones's amended complaint asked this Court to accept not just one of those ideas, but both. And to the extent that Jones's counsel was genuinely arguing to change the law to either effect, that argument must be deemed frivolous.

This was not a throwaway, alternative argument in support of personal jurisdiction. Rather, it was Jones's primary asserted basis for personal jurisdiction—a basis added specifically in Jones's amended complaint and the sole ground for jurisdiction defended in the opposition to the defendants' motion to dismiss the amended complaint.[1] Jones's counsel then tripled down on this theory in his opposition to Campbell's motion for sanctions. The decision to continue pressing this frivolous assertion of jurisdiction exceeds the bounds of creative advocacy and some monetary sanction is necessary to deter this sort of behavior in the future.

---

[1] To the extent that Jones previously argued that Title VII's provisions on *venue* could confer *personal jurisdiction*, that argument is similarly unreasonable. The difference between the two concepts is often lost on first-year law students, but licensed attorneys are expected to understand that a statute designating the proper venue for a claim cannot override the Constitution's requirement that a defendant have minimum contacts with any forum that exerts power over him.

5

Courts typically calibrate sanctions using the attorneys' fees opposing counsel incurred to litigate the sanctionable argument or pleading. This litigation has been protracted enough, however, and the Court declines to require more by way of affidavits substantiating the Campbell defendants' attorneys' fees. While recognizing that this sum is unlikely to fully compensate the Campbell defendants, the Court finds that a monetary sanction of $2,500 is sufficient to deter similar behavior in the future.

*2. Reconsideration.* The Court agrees with Jones, however, that it should amend its order so as to transfer the claims against the Campbell defendants rather than dismiss them outright. While the Court was not required to transfer these claims, courts do generally transfer claims whose statutes of limitations have expired. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962). That is true of Jones's Title VII claims here. Again, these claims should not have been brought in the District of Columbia, and Jones, himself a law professor, probably should have known as much. But, given the imposition of monetary sanctions, entirely barring him from seeking relief under a federal civil rights statute is too harsh a sanction for whatever role he played in pressing the unfounded jurisdictional arguments.

For the reasons explained by the Campbell defendants in their motion to dismiss the amended complaint (ECF No. 18), the Court agrees that transfer should be made to the U.S. District Court for the Eastern District of North Carolina.

It is therefore **ORDERED** that:

1. The Campbell defendants' motion for sanctions (18-mc-100, ECF No. 2) is GRANTED. Plaintiff's counsel shall pay $2,500 to the Campbell defendants forthwith, as instructed by them, as a sanction for his jurisdictional arguments.

2. The Court's order granting Defendants' motion to dismiss (18-cv-321, ECF No. 35) is AMENDED as follows: The portion of the Court's order dismissing Counts One through Ten and Count Twelve of Plaintiff's amended complaint is stricken.  Counts One through Ten and Count Twelve of Plaintiff's amended complaint are instead TRANSFERRED to the U.S. District Court for the Eastern District of North Carolina.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date:  September 4, 2018